[No. 11412-1-III.    Division Three.    September 29, 1992.]

FEDERATED AMERICAN INSURANCE COMPANY, *Respondent,* v.
TAMMERA JO ERICKSON, *Appellant.*

*John R. Clark* and *Crary & Clark, P.S.,* for appellant.

*James B. King* and *Keefe, King & Bowman,* for respondent.

SHIELDS, C.J. — Tammera Jo Erickson appeals from a summary judgment in favor of Federated American Insurance Company denying the stacking of multiple underinsured motorist (UIM) insurance coverages. Finding the meaning of the "other insurance" clause in Federated's insurance policy is plain and unambiguous, we affirm.

On February 7, 1987, Ms. Erickson was a passenger in a Ford Pinto owned and driven by her father. It was insured by a Travelers Insurance Company policy which included UIM coverage with $100,000 limits. An automobile driven by Michael Broderius struck the Pinto, injuring Ms. Erickson. Mr. Broderius was insured under a policy issued by Farmers Insurance Group with individual liability limits of $100,000. Ms. Erickson settled with Farmers for $95,000, then demanded UIM benefits from Travelers. Travelers also settled with Ms. Erickson.[1] Claiming the $100,000 limits available to her under the Travelers policy were insufficient to compensate her injuries, Ms. Erickson demanded additional UIM benefits from Federated, her own insurer, under its $25,000 policy limit.

Federated brought this declaratory judgment action, alleging it had no duty to provide UIM coverage. It moved for summary judgment on two grounds: (1) coverage under Federated's policy was specifically excluded because at the time of the accident Ms. Erickson was occupying her father's automobile, which was not insured under her policy, and (2) the "other insurance" clause of its policy precluded the addition of Federated's $25,000 UIM limits to Travelers' $100,000 limits. The trial court found a genuine issue of material fact precluded summary judgment on the first basis, but granted

---

[1] The record does not disclose the terms of that settlement nor the pro rata claims, if any, by Travelers against Federated.

the motion on the "other insurance" basis. Ms. Erickson appeals.

■ Because there are no material disputed facts, the issue on appeal is whether Federated was entitled to judgment as a matter of law. CR 56(c); *Doyle v. State Farm Ins. Co.*, 61 Wn. App. 640, 642, 811 P.2d 968, *review denied*, 118 Wn.2d 1005 (1991).

The "other insurance" clause of Federated's UIM endorsement states:

> If there is other applicable similar insurance we will pay only our share. **Our share** is the proportion that our limit of liability bears to the total of all applicable limits. If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy. *However*, any insurance we provide with respect to a vehicle you do not own shall be **excess** over any other collectible insurance.

(Italics ours.) The first two sentences present issues not before us between Travelers and Federated. The third sentence limits UIM coverage for a single accident to the highest applicable limit of liability under any one policy. Ms. Erickson acknowledges that the antistacking limitation is in compliance with RCW 48.22.030(6),[2] and does not contend it is ambiguous or unenforceable. She relies instead on the final sentence, focusing on the word "excess".

Ms. Erickson, as did the Doyles in *Doyle v. State Farm Ins. Co.*, *supra*, contends the plain meaning of the fourth sentence in Federated's UIM "other insurance" clause constitutes an exception to the antistacking provision, granting additional coverage after any other primary coverage is exhausted whenever an insured is injured in a nonowned vehicle.[3] Ms.

---

[2]RCW 48.22.030(6) provides:

"The policy may provide that if an injured person has other similar insurance available to him under other policies, the total limits of liability of all coverages shall not exceed the higher of the applicable limits of the respective coverages."

[3]The "other insurance" clause in the UIM endorsement at issue in *Doyle* provided:

Erickson argues the word "however" negates the limit established in the preceding sentence and use of the term "excess" operates to add to the limit of recovery. Her reasoning is flawed. Those terms cannot be read in isolation from the rest of the policy. *See Doyle*, at 645.

■■ In construing the language of an insurance policy, a court must examine the contract as a whole. *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986). Terms in an insurance policy are given their common and ordinary meaning as understood by an average purchaser of insurance. *Sperry v. Maki*, 48 Wn. App. 599, 601-02, 740 P.2d 342, *review denied*, 109 Wn.2d 1014 (1987). Here, the first three sentences describe how Federated's UIM coverage for an owned vehicle interacts with other UIM coverage. "However" is a transition word. It signals an additional limitation applicable only to nonowned vehicles. Elsewhere in the policy "excess" is defined to mean the other limits must be paid before Federated's coverage is payable.[4]

■ Ms. Erickson also asserts alternatively, as did the Doyles, to the extent it conflicts with the antistacking provision the "excess" provision is ambiguous and must be construed against Federated. The argument is no more persuasive here than in *Doyle*. The third sentence of the "other insurance" clause in Ms. Erickson's underinsured motorist endorsement is unambiguous in limiting the underinsured motorist coverage to the highest applicable policy amount. The fourth sentence provides Ms. Erickson's policy will only

---

"If this policy and any other policy providing **underinsured motorist** coverage apply to the same loss, the maximum limit of liability under all policies will be the highest limit of liability that applies under any one policy. If other **underinsured motorist** coverage applies, we'll pay only our fair share of the loss. That share is our proportion of the total **underinsured motorist** insurance that applies to the loss. *But* any insurance we provide when **you** or a **covered person** use a vehicle **you** don't own will be excess over any other collectible insurance." (Italics ours.) *Doyle*, at 642.

[4]The liability coverage and medical payment coverage provisions provide this definition for insurance Federated provides for a vehicle not owned by the insured.

674

make up the difference between the recoverable amount under the primary policy and the highest applicable policy amount when only nonowned vehicle coverage is involved. *See Anderson v. American Economy Ins. Co.*, 43 Wn. App. 852, 860, 719 P.2d 1345 (1986) in which the court, in dicta, construed an identical "excess" coverage provision. Here, since Federated's limit of liability is less than the highest amount under all applicable policies, there is no excess coverage.

We affirm.

MUNSON and THOMPSON, JJ., concur.