[No. 60228-0.   En Banc.   November 3, 1994.]

DONNA D. KISH, ET AL, *Respondents*, v. THE INSURANCE COMPANY OF NORTH AMERICA, ET AL, *Appellants*.

*Bullivant Houser Bailey Pendergrass & Hoffman,* by *Scott M. Stickney* and *Robert J. Roche; Mitchell, Lang & Smith,* by *Matthew T. Boyle,* for appellants Oregon Mutual Ins. Co. and American States Ins. Co.

*Reed McClure,* by *Pamela A. Okano* and *Michael S. Rogers; Betts, Patterson & Mines, P.S.,* by *Steven Goldstein,* for appellants State Farm Fire & Cas. Co. and Western Home Ins. Co.

*Stanislaw, Ashbaugh, Riper, Peters & Beal,* by *John S. Riper,* for respondents.

MADSEN, J. — This case arises from the flooding of the homes of Plaintiffs Donna Kish, Charles Hazelton, Ellen Lowell, Florence Klingenberg, Don and Virginia Pedersen, and Gary and Eva Pedersen (Plaintiffs). The Plaintiffs successfully sued their insurers for payment under their all-risk insurance policies. The insurers seek review, arguing that

this damage was not covered under Plaintiffs' policies because of exclusions for water damage caused by floods. The primary issue in this case is whether the efficient proximate cause rule was properly applied.

## FACTS

Plaintiffs' residences are located in Stanwood, Washington, in the Stillaguamish River Basin. On both November 10 and 24 of 1990, Plaintiffs' residences were damaged and made uninhabitable when flood waters overtopped the protective dikes surrounding the Stanwood sewage lagoon and cascaded into the lagoon, the dikes failed, and the lagoon waters were flushed, inundating the Plaintiffs' homes on the other side of the dikes. The high levels of water in the basin were the result of heavy and continuous rainfall in the basin and snowmelt and rain in the mountains.

The Stillaguamish River Basin experiences flooding periodically when the river overflows its banks, which it did approximately 45 times between 1910 and 1977 and has continued to do since. However, the Leque Road area in which the Plaintiffs' homes are located has never experienced sewage lagoon overflow, nor has any similar event happened since.

Each of the Plaintiffs purchased all-risk homeowners insurance policies which insured losses from all perils except those specifically excluded. Kish was insured by State Farm Insurance. Hazelton/Lowell insured their home through Western Home Insurance Company. Klingenberg and Gary and Eva Pedersen were insured through Oregon Mutual Insurance Company. Don and Virginia Pedersen were insured by American States Insurance Company.

Each of the Plaintiffs' policies has an exclusion section essentially stating that the policies do not pay for "loss resulting directly or indirectly from" water damage. Exs. 1-A, at 5; 1-B, at 8; 1-C, at 5; 1-D, at 6; 1-E, at 6. Water damage is defined by the Oregon Mutual policies as:

> a. flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these whether wind driven or not;
>
> b. water which backs up through sewers or drains; or

c. water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through or into a building, sidewalk, driveway, foundation, swimming pool or other structure.

Exs. 1-D, at 6; 1-E, at 6. The exclusion further provides: "We pay for direct loss by fire, explosion and (if covered under this policy) theft which may result." Exs. 1-D, at 6; 1-E, at 6. The American States and Western Home policies are virtually identical, except that the exclusions further provide: "Direct loss by fire or explosion resulting from water damage is covered." Exs. 1-A, at 5; 1-C, at 5. The State Farm policy is similar but defines water damage slightly differently:

  (1)  flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

  (2)  water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

  (3)  natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

Ex. 1-B, at 9. The State Farm policy also states: "However, we do insure for any direct loss by fire, explosion, or theft resulting from water damage." Ex. 1-B, at 9. None of the policies defines "flood".

The Plaintiffs submitted claims for their damages which their insurers refused to pay. As a result, in January 1991 the Plaintiffs filed suit against their insurers (Defendants) for declaratory relief and damages. Both the Defendants and the Plaintiffs moved for summary judgment. Defendants argued that the policies clearly excluded coverage for flood and surface water damage. Plaintiffs contended that they had coverage because rain was a covered peril and was the efficient proximate cause of their damages. Defendants submitted evidence that the Snohomish County area was designated as flood prone community by the Federal Emergency Management Agency and that national flood insurance was

available to its residents. The Defendants also submitted evidence that one Plaintiff had previously had flood insurance for 1 year, another had been advised of the fact that flood was not covered but coverage could be purchased separately, and another Plaintiff had sued her agent for failing to advise her of the need for flood insurance. On February 26, 1992, the trial court denied the parties' motions but entered an order finding that rain is a distinct peril from flood and that a genuine issue of material fact existed as to the predominant cause of Plaintiffs' losses. The court kept evidence of the availability of flood insurance out, reasoning that the only issue before the jury was what the efficient proximate cause was and that this expectations evidence only went to coverage, which was an issue for the court.

The parties then proceeded to trial before a jury. At the close of the evidence, the judge told the jury that its duty was to determine the efficient proximate cause of the damage to Plaintiffs' houses and gave the jury instructions defining efficient proximate cause.[1] The court refused Defendants' proposed instructions defining "flood" on the grounds that such an instruction would place undue emphasis on flood as the efficient proximate cause of the loss and that the term was to be understood as it is commonly used and therefore did not need definition. The jury was given a special verdict form which asked, "What was the efficient proximate cause of the loss?" The jury answered, "Record breaking rainfall in the Stillaguamish basin." Clerk's Papers, at 208. On February 8, 1993, the trial court issued a judgment for each of the Plaintiffs stating that based on the jury's verdict, the insurers must pay the insureds for their losses under their policies. On February 12, State Farm filed motions for reconsideration and/or judgment notwithstanding the verdict.

---

[1] The instruction read:

"The efficient proximate cause of a loss, where there may be multiple causes, is the predominant cause. The efficient proximate cause is the one to which the loss is to be attributed, though other causes may precede, follow, or run concurrently with it. It is not necessarily the first or last act in a chain of events, but is the cause which had the greatest influence in causing the loss." Instruction 7; Clerk's Papers, at 218.

Plaintiffs opposed the motions. On March 9, 1993, the trial court denied the motions. The court also filed similar findings and conclusions regarding each Plaintiff's case. Most importantly, the court found:

2. On November 10 and on November 24, 1990, the . . . residence was damaged by flood waters, effluent and sludge. Flood waters overtopped the Stanwood Sewage Lagoon and water mixed with effluent and sludge inundated the area in which the . . . residence was located.

3. The events . . . caused significant damage to the . . . residence. . . .

4. The efficient proximate cause of the loss, as determined by jury verdict, was record rainstorms in the Stillaguamish River Basin.

. . . .

6. The efficient proximate cause of the loss is not an excluded peril.

Clerk's Papers, at 64-65; see also Clerk's Papers, at 68-69, 72-73, 76-77, 79-80.

On March 10, 1993, Appellants sought direct review by this court. This case is now before this court.

## ANALYSIS

Defendants argue that the trial court erred in ruling that rain was a distinct (covered) peril from the (excluded) peril of flood and in sending the case to the jury for a finding of efficient proximate cause as between the two. They say that the trial court should instead have found that the Plaintiffs' damages were not covered by their insurance policies because of exclusions for water damage caused by flood.

█ The efficient proximate cause rule operates to permit coverage when an insured peril sets other excluded perils into motion which "in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought". *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538, 656 P.2d 1077 (1983); *see also Mc-Donald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 736, 837 P.2d 1000 (1992); *Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 773 P.2d 413 (1989); *Villela v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 725 P.2d 957

(1986). In such a situation, the insured peril is considered the "proximate cause"[2] of the entire loss and the loss is covered despite the fact that the other perils contributing to the loss were excluded.

██ The efficient proximate cause rule applies only where two or more independent forces operate to cause the loss. "When, however, the evidence shows the loss was in fact occasioned by only a single cause, albeit one susceptible to various characterizations, the efficient proximate cause analysis has no application. An insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." *Chadwick v. Fire Ins. Exch.*, 17 Cal. App. 4th 1112, 1117, 21 Cal. Rptr. 2d 871 (1993). If the rule applies, the question of which peril constitutes the proximate cause is left to the factfinder, unless "the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court". *Graham*, at 539.

██ The pivotal question in this case is whether rain and flood are two separate perils under the language of these policies, triggering the application of the efficient proximate cause rule. To decide this question, we turn to principles of interpretation for insurance contracts. Courts interpret insurance contracts as an average insurance purchaser would understand them and give undefined terms in these contracts their "plain, ordinary, and popular" meaning. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877, 881, 784 P.2d 507, 87 A.L.R.4th 405 (1990); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). Courts also seek to give effect to *each* provision in such a contract. *McDonald*, at 734. However, if an exclusionary clause is ambiguous, this court will strictly construe it against the insurer. *Rodriguez v. Williams*, 107 Wn.2d 381,

---

[2]"Proximate cause" is technically defined as "the efficient or predominant cause which sets into motion the chain of events producing the loss . . . not necessarily the last act in a chain of events". *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538, 656 P.2d 1077 (1983).

384, 729 P.2d 627 (1986). An ambiguity exists only "if the *language on its face* is fairly susceptible to two different but reasonable interpretations". *Washington Pub. Util. Dists. Utils. Sys. v. PUD 1*, 112 Wn.2d 1, 11, 771 P.2d 701 (1989).

We believe the average purchaser of insurance would expect that the term "flood" would encompass rain-induced flood. Rain is a well-recognized and common part of a flood. *Webster's*, for example, defines "flood" as "a rising and overflowing of a body of water that covers land not usu[ally] under water : DELUGE, FRESHET". *Webster's Third New International Dictionary* 873 (1986). *Webster's* further defines "deluge" as "an overflowing of the land by water : INUNDATION, FLOOD . . . a drenching rain : DOWNPOUR". *Webster's Third New International Dictionary* 598 (1986). *Webster's* definition of flood then references the flood caused by heavy rains discussed in the Bible with regard to Noah. *Webster's Third New International Dictionary* 873 (1986); *see also American Heritage Dictionary of the English Language* 697 (3d ed. 1992); *Random House Dictionary of the English Language* 736 (2d ed. 1987) (also stating that the term "flood" "refer[s] to the overflowing of normally dry areas, often after heavy rains"). We do not believe flood and rain are distinct perils in this instance.

Rather, rain is merely another characterization of flood in this case. Respondents argue against this conclusion, saying that this court already decided this issue in *Safeco Ins. Co. of Am. v. Hirschmann, supra*. We do not agree. *Hirschmann* dealt with the question of whether an insurer can circumvent the efficient proximate cause rule through language in an exclusionary clause. In *Hirschmann*, the policy purported to exclude all damage caused by an excluded peril "whether occurring alone or in any sequence with a covered peril". (Italics omitted.) *Hirschmann*, at 624. We do not have that question here. There is no attempt by the insurers to circumvent the efficient proximate cause rule in this case. Here we have only one cause of the damage — rain-induced flood — and that peril is clearly and reasonably excluded under the Plaintiffs' policies. Moreover, the ques-

tion of whether rain and wind (covered perils) are separate from landslide (an excluded peril) was not squarely before the *Hirschmann* court. Focusing its review solely on the circumvention language in the policy, this court in passing stated that rain and wind were distinct from landslide and applied the efficient proximate cause rule. However, this court is not bound by such language when the court did not address or consider the issue directly. *Pacific S.S. Co. v. Peterson*, 278 U.S. 130, 136, 73 L. Ed. 220, 49 S. Ct. 75 (1928); *Hizey v. Carpenter*, 119 Wn.2d 251, 267, 830 P.2d 646 (1992); *State ex rel. Johnson v. Funkhouser*, 52 Wn.2d 370, 373-74, 325 P.2d 297 (1958); *ETCO, Inc. v. Department of Labor & Indus.*, 66 Wn. App. 302, 307, 831 P.2d 1133 (1992).

█ Furthermore, the purpose of the efficient proximate cause rule is to provide a "workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer". *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 404, 770 P.2d 704, 257 Cal. Rptr. 292 (1989); *see also Graham*, at 538 (adopting the efficient proximate cause rule so as to "allow inquiry into the intent and expectations of the parties to the insurance contract"). Application of the efficient proximate cause rule would circumvent the intentions and expectations of the parties in this case. Plaintiffs lived on a nationally recognized floodplain. The fact that their particular houses are located on parcels usually not flooded does not detract from this fact. They knew that flood would be excluded by any insurance policy they purchased, as exemplified by the existence of the National Flood Insurance Program (of which the Plaintiffs' county was a part).[3] *See* 42 U.S.C. § 4001; Clerk's Papers, at 1375. The insurance companies anticipated that they would not have to pay for flood damage under their all-risk policies, particularly where the risk of flood is high and the

---

[3]The NFIP was established because insurers had stopped providing flood coverage as they could not spread the risk suitably due to adverse selection problems, that is, only people with high risk were buying the insurance. Affidavit of Janice Sue Wang Ex. A, at 69-70; Fed. Emergency Mgt. Agency, *Answers to Questions About the National Flood Insurance Program* 1 (2d ed. 1989).

National Flood Insurance Program applies. To construe rain as a separate peril from flood in this case would fail to acknowledge the intent and expectations of the parties.

Lastly, any application of the efficient proximate cause to the facts of this case would make it difficult for any insurer to ever exclude flood damage without excluding all rain damage. This would be an unfortunate occurrence for insureds because that could result in less coverage for insureds in this state. *See* Lawrence A. Wans, Comment, *Washington's Judicial Invalidation of Unambiguous Exclusion Clauses in Multiple Causation Insurance Cases*, 67 Wash. L. Rev. 215 (1992). We believe this to be an unjustified and unwise result.

In conclusion, because the trial judge incorrectly determined that rain and flood were distinct perils, he erred in sending the efficient proximate cause question to the jury. There is only one cause of the damage in this case — flood induced by rain. Flood is a peril within the clear language of the exclusion and precipitation typically induces flood at some point along the causal chain. We reverse the trial court and find for the Defendants. Because of our result on this issue, we do not need to reach the other issues that the parties raise.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, GUY, and JOHNSON, JJ., concur.