[Nos. 17016-7-II; 17091-4-II.   Division Two.   September 27, 1996.]

ROBERT WATERS, ET AL., *Respondents*, v. FARMERS INSURANCE COMPANY, *Appellant*.

*Edward S. Winskill, Patricia C. Fetterly*, and *Davies Pearson, P.C.*, for appellant.

*Stephen L. Bulzomi* and *Messina Law Firm; C. Joseph Sinnitt* and *Sinnitt & Sinnitt, Inc., P.S.*, for respondents.

ARMSTRONG, J. — Robert Waters struck an oncoming car while driving a forklift down a public road. Waters sought coverage from Farmers Insurance Company under his homeowner's policy, which excluded damage arising from the use of a motor vehicle. The trial court held that the forklift was not a motor vehicle within the meaning of the policy's exclusion. We affirm.

## FACTS

Robert Waters rented a forklift from Bunce Rentals and asked that it be delivered to his house. Because a delivery truck for the forklift was unavailable, and because Waters's house was only a short distance away, a Bunce employee suggested that Waters rent a "drive-away"

forklift, a Lion Diesel Liftall forklift. According to the manufacturer, Liftalls "are designed and built for rough terrain operation." A product brochure states, "Liftall's Towable Forklifts are easily and safely moved from job to job at highway speed." The forklift's specifications detail three operating speeds:

LOW RANGE . . . to 5 M.P.H.

DRIVING RANGE (Highway) . . . to 30 M.P.H.

TOWING RANGE . . . to Legal Freeway Speeds

The forklift, however, did not have headlights, brake lights, mirrors, brakes on all four wheels, a windshield, a horn, or seat belts.

The forklift could be towed backwards by another vehicle. The forklift also could be carried on a truck or driven on the highway. In 1985, Bunce removed the towing assembly, and the forklift was then either driven or carried by truck to each rental site. A Bunce employee testified that this forklift previously had been driven along the highway on several occasions.

Waters drove the forklift from Bunce's lot on South Tacoma Way, in Tacoma, toward his house in Puyallup. While in Puyallup, the forklift suddenly veered and hit an oncoming car, killing one of the car's passengers. After the accident, Waters filed a declaratory judgment action against Farmers Insurance Company, seeking coverage under his homeowner's policy. The policy excludes bodily injury or property damage arising out of the use of a motor vehicle owned or operated by or rented or loaned to an insured. The policy defines a motor vehicle as:

8. Motor vehicle means:

a. a motorized land vehicle, including a trailer, semi-trailer or motorized bicycle, designed for travel on public roads.

b. any other motorized land vehicle designed for recreational use off public roads.

c. any vehicle while being towed by or carried on a vehicle described in 8a.

*None* of the following is a motor vehicle:

d. a motorized golf cart while used for golfing purposes.

e. a motorized land vehicle used only on an insured location and not subject to motor vehicle registration.

f. a watercraft, camp, home or utility trailer *not* being towed or carried on a vehicle described in 8a.

The parties agree that the only definition relevant here is 8.a. — "a motorized land vehicle . . . designed for travel on public roads." Waters and Farmers each moved for summary judgment regarding coverage of the accident. The trial court granted summary judgment for Waters, ruling that the forklift did not fall within the policy's definition of a motor vehicle. Farmers appeals.

## ANALYSIS

The interpretation of an insurance policy is a question of law. *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 95, 776 P.2d 123 (1989). The trial court's interpretation, therefore, is subject to de novo review on appeal. *PEMCO v. Fitzgerald*, 65 Wn. App. 307, 311, 828 P.2d 63 (1992). The policy language of an insurance policy is to be interpreted in the way it would be understood by the average person, in a fair and reasonable manner. *Kish v. Insurance Co. of North Am.*, 125 Wn.2d 164, 170, 883 P.2d 308 (1994). Undefined terms in a policy are given their plain, ordinary, and popular meaning. *Kish*, 125 Wn.2d at 170. If there is an ambiguity in the language of the policy, the court construes it against the insurer and in favor of the insured. *Mutual of Enumclaw Ins. Co. v. Jerome*, 122 Wn.2d 157, 161, 856 P.2d 1095 (1993). The court also strictly construes exclusionary clauses against the insurer. *PEMCO*, 65 Wn. App. at 311.

Washington case law, and case law from other states, has not addressed the issue of whether this type of forklift is considered a motor vehicle, designed for travel on public roads. A forklift is defined as "a machine for hoisting

heavy objects (as boxes, bales, or metal bars) by means of a row of steel fingers inserted under the load and drawn up a vertical guide to the required level usu[ally] by hydraulic means." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 892 (1966); *see also* RANDOM HOUSE DICTIONARY OF ENGLISH LANGUAGE, 751 (2d ed. 1987) ("a small vehicle with two power operated prongs at the front that can be slid under heavy loads and then raised for moving and stacking material in warehouses, shipping depots, etc.").

■■ Farmers argues that, based on the manufacturer's representations, the forklift was designed for travel on public roads. Underlying this argument is the assumption that "designed for travel on public roads" means the vehicle *can* be driven on public roads as a use incidental to its primary purpose. Waters responds that, because the forklift did not comply with road safety regulations regarding headlights, brake lights, and other safety equipment, it cannot be considered a motor vehicle designed for travel on the public roads. Underlying this argument is the assumption that "designed for travel on public roads" means the vehicle was designed for travel *primarily* on public roads.

If we adopt Farmers's underlying assumption, the forklift is a motor vehicle because it was capable of being driven on public roads, although in violation of the vehicle code. If we adopt Waters's underlying assumption, the forklift is not a motor vehicle because it was clearly not designed primarily for travel on public roads. But we cannot determine from the policy language which underlying assumption Farmers intended. The language is, therefore, ambiguous and must be construed against Farmers. This is particularly appropriate because the language is contained in an exclusion. *PEMCO*, 65 Wn. App. at 311. Accordingly, we hold that the forklift Waters rented was not designed primarily for travel on public roads and, thus, was not excluded from coverage under Farmers' policy. As the prevailing party, Waters is entitled to at-

torney fees and costs on appeal pursuant to RAP 18.1. *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991). The trial court is affirmed.

BRIDGEWATER and TURNER, JJ., concur.