NOT FOR PUBLICATION

FILED

MAR 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKE GOODMAN, a single person, ) | No. 11-35349 |
| ) | |
| Plaintiff – Appellant, ) | D.C. No. 2:09-cv-01493-RSM |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| NEW HAMPSHIRE INSURANCE ) | |
| COMPANY, a Pennsylvania ) | |
| corporation with its principal place ) | |
| of business in New York, ) | |
| ) | |
| Defendant – Appellee. ) | |
| ) | |
| ) | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 6, 2012[**]
Seattle, Washington

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before:    FERNANDEZ and PAEZ, Circuit Judges, and GWIN,*** District
           Judge.

Mike Goodman appeals the district court's grant of summary judgment to

New Hampshire Insurance Company in his action for breach of contract, bad faith

and violation of the consumer protection laws of the State of Washington.  We

affirm.

Goodman's claims are all based upon state law; we, therefore, apply

Washington law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817,

822, 82 L. Ed. 1188 (1938); Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249

F.3d 958, 960 (9th Cir. 2001).

(1)    Goodman asserts that the district court erred when it ruled against his

claim that the damage caused by a leak in a fuel tank was covered by the insurance

policy issued by New Hampshire.  We disagree.  The policy covers damage caused

by hidden defects, but excludes all coverage where damage or loss arises from

corrosion.  Giving the policy a "fair, reasonable, and sensible construction,"[1] we

---

***The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

[1]See Quadrant Corp. v. Am. States Ins. Co., 110 P.3d 733, 737 (Wash. 2005)
(internal quotation marks omitted).

2

agree with the district court that the policy unambiguously[2] excluded coverage because the tank leak arose out of corrosion.[3] To the extent that Goodman asserts that the efficient proximate cause[4] of the problem was a leak from around the vessel's hatches, there was no evidence that the hatch defect was hidden; again, coverage was unambiguously lacking.[5]

(2)     We also disagree with Goodman's assertions that the district court erred when it granted judgment against him on his allegations that New Hampshire committed the tort of bad faith in handling[6] and denying[7] his claims, that it violated

---

[2]See State Farm Gen. Ins. Co. v. Emerson, 687 P.2d 1139, 1144 (Wash. 1984); Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc., 97 P.3d 751, 758 (Wash. Ct. App. 2004).

[3]See McDonald v. State Farm Fire & Cas. Co., 837 P.2d 1000, 1003–04 (Wash. 1992).

[4]See Sunbreaker Condo. Ass'n v. Travelers Ins. Co., 901 P.2d 1079, 1082–83 (Wash. Ct. App. 1995).

[5]Of course, the mere fact that water intrusion from around the hatch led to the corrosion would not affect the exclusion.  See Kish v. Ins. Co. of N. Am., 883 P.2d 308, 311 (Wash. 1994); Wright v. Safeco Ins. Co. of Am., 109 P.3d 1, 7 (Wash. Ct. App. 2004).

[6]See Coventry Assocs. v. Am. States Ins. Co., 961 P.2d 933, 937–38 (Wash. 1998); see also Wash. Admin. Code §§ 284-30-330(2)–(5), (7), (13), 284-30-340, 284-30-350(1), 284-30-370, 284-30-380(1), (3).

[7]See Smith v. Safeco Ins. Co., 78 P.3d 1274, 1276–78 (Wash. 2003); Shields v. Enter. Leasing Co., 161 P.3d 1068, 1074 (Wash. Ct. App. 2007).

the Washington Consumer Protection Act,[8] and that it violated the Washington Insurance Fair Conduct Act.[9]  The evidence he presented could not lead to a conclusion that he should have been granted additional benefits under the policy, or that the company breached its duties to communicate, disclose pertinent available benefits, investigate, issue a denial in a prompt manner, promptly explain its actions, and sufficiently maintain its files.

AFFIRMED.

---

[8]Wash. Rev. Code §§ 19.86.010–19.86.920.

[9]Wash. Rev. Code § 48.30.015.