NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AQUA STAR (USA) CORP., a subsidiary of Admiralty Island Fisheries, Inc.,

Plaintiff-Appellant,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

Defendant-Appellee.

No.    16-35614

D.C. No. 2:14-cv-01368-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before:  McKEOWN and BEA, Circuit Judges, and BENITEZ,[**] District Judge.

Aqua Star (USA) Corp. ("Aqua Star") appeals the district court's grant of

summary judgment to Travelers Casualty and Surety Company of America

("Travelers") in an insurance dispute over whether a Travelers "Computer Fraud"

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

policy covers Aqua Star's losses from a fraudulent email scheme. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties agree that Washington law governs the interpretation of the contract. In Washington, "[a]n insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash. 2d 654, 666 (2000), *as amended* (Jan. 16, 2001) (internal quotation marks omitted). We "must" enforce "clear and unambiguous" policy language "as written." *Id.* Applying these principles, even assuming without deciding that the policy generally covers "Computer Fraud" of the kind that duped Aqua Star, the policy's exclusions foreclose coverage.

Exclusion G unambiguously provides that the policy "will not apply to loss or damages resulting directly or indirectly from the input of Electronic Data by a natural person having the authority to enter the Insured's Computer System . . . ." Aqua Star's losses resulted from employees authorized to enter its computer system changing wiring information and sending four payments to a fraudster's account. These employees "ha[d] the authority to enter" Aqua Star's system when they "input" Electronic Data, on Aqua Star computers, to change the wiring information and authorize the four wires. Their conduct fits squarely within the

2

Exclusion. While other contractual exclusions may also bar coverage in this case, we need not go any further.

Washington's rule of efficient proximate cause does not help Aqua Star because that rule "applies only when two or more *perils* combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss." *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wash. 2d 501, 519 (2012) (first emphasis added). Where, as here, there is only one "peril"—Computer Fraud—"[a]n insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." *Kish v. Ins. Co. of N. Am.*, 125 Wash. 2d 164, 170 (1994).

**AFFIRMED.**