NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN CARR,

     Plaintiff - Appellant,

v.

SPINNAKER INSURANCE COMPANY,

    Defendant - Appellee.

No. 24-4077

D.C. No.
3:23-cv-05252-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted July 11, 2025[**]
Seattle, Washington

Before: PAEZ and SANCHEZ, Circuit Judges, and SELNA, District Judge.[***]

Plaintiff Karen Carr ("Carr") appeals the district court's grant of summary

judgment in favor of Defendant Spinnaker Insurance Company ("Spinnaker") on

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

her breach of contract, bad faith, and Insurance Fair Conduct Act claims. Carr also appeals the denial of her request under Federal Rule of Civil Procedure 56(d) to continue the summary judgment motion so she could obtain additional discovery.[1] We review de novo the district court's grant of summary judgment. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 639-40. We review the denial of a Rule 56(d) request for abuse of discretion. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 661 (9th Cir. 2020). We affirm.

1.    Carr argues that the district court erred in finding that the faulty or defective workmanship exclusion in her homeowner's insurance policy with Spinnaker applied to her insurance claim. She asserts that Spinnaker should have provided coverage under the policy's provisions covering losses from theft and from vandalism and malicious mischief.

Under Washington law, when determining whether coverage exists: (1) the insured must show that "the loss falls within the scope of the policy's insured losses," and (2) "[t]o avoid coverage, the insurer must [] show the loss is excluded by specific policy language." *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

2          24-4077

1000, 1003-04 (Wash. 1992). "[I]nsurance policies are construed as contracts," with the policy, as a whole, "being given a 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000) (citation omitted). "Undefined terms are to be given their plain, ordinary, and popular meaning." *Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017) (en banc) (citation and quotation marks omitted).

First, Carr's losses from unsatisfactory paint work in her home do not fall within the scope of theft or vandalism and malicious mischief. Carr argues that the work of David Scott ("Scott"), with whom she contracted, constituted theft or vandalism and malicious mischief because Scott allegedly misrepresented that he was a licensed contractor. This characterization of Scott's unsatisfactory work, however, cannot transform the loss into a covered peril under the insurance policy. *See Kish v. Ins. Co. of N. Am.*, 883 P.2d 308, 311 (Wash. 1994) (en banc) (citation and quotation marks omitted) ("An insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss.").

The district court did not err in finding that the record does not create a reasonable dispute of fact as to whether Scott acted in conscious or intentional disregard of Carr's property rights consistent with vandalism or malicious

mischief.  *See Bowers v. Farmers Ins. Exch.*, 991 P.2d 734, 737 (Wash. Ct. App. 2000) (defining "vandalism" as "willful or malicious destruction or defacement of things of beauty or of public or private property"); *id.* (defining "malicious mischief" as "willful, wanton, or reckless damage or destruction of another's property").  Carr fails to show that any of Scott's objectionable paint work occurred without her prior direction or contemporaneous approval, such that coverage for vandalism or malicious mischief would be a triable issue of fact.

Second, the faulty and defective workmanship exclusion applies to Carr's insurance claim.  The policy excludes coverage for "faulty or defective workmanship" inclusive of "[d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, [and] compaction" and "[m]aterials used in repair, construction, renovation or remodeling."  Washington law requires courts to enforce a provision of an insurance policy as written "[i]f the language is clear and unambiguous[.]" *Weyerhaeuser*, 15 P.3d at 122.  The district court did not err in concluding that the policy's exclusion for faulty or defective workmanship meets this standard.

Because "faulty" and "defective" are undefined in the policy, we use their "plain, ordinary, and popular meaning." *Xia*, 400 P.3d at 1240 (citation and quotation marks omitted); *see also Kitsap Cnty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1178 (Wash. 1998) (en banc).  "Faulty" is defined as "marked by fault or defect"

or "imperfect." *Faulty*, Merriam-Webster, https://www.merriam-webster.com/dictionary/faulty (last visited June 18, 2025). "Defective" is defined as "imperfect in form, structure, or function." *Defective*, Merriam-Webster, https://www.merriam-webster.com/dictionary/defective (last visited June 18, 2025). Even to the extent that Carr objected to the methods or appearance of Scott's painting of her home, it constitutes imperfect workmanship that fits within the plain understanding of "faulty" and "defective."

Although Carr argues that the district court erred by failing to find that public policy counsels against enforcing the exclusion, the Washington Supreme Court generally disfavors invalidating a clause of an otherwise valid insurance policy based on public policy considerations. *See Mendoza v. Rivera-Chavez*, 999 P.2d 29, 30-31 (Wash. 2000). The Washington Supreme Court has also enforced similar policy exclusions for faulty workmanship against insureds, indicating that public policy considerations are not at issue when applying the exclusion in this case. *See, e.g.*, *Sprague v. Safeco Ins. Co. of Am.*, 276 P.3d 1270, 1272-73 (Wash. 2012) (en banc); *McDonald*, 837 P.2d at 1004-06. Thus, the district court properly granted summary judgment to Spinnaker based on this policy exclusion.

2. The district court did not abuse its discretion in denying Carr's Rule 56(d) request to continue the summary judgment proceeding so that Carr could conduct a second deposition of Scott. *See* Fed. R. Civ. P. 56(d)(1)-(3). The district

court properly analyzed the relevant factors underlying a Rule 56(d) request. *See Atay v. Cnty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). The district court also properly considered Carr's failure to "diligently pursue[] discovery of the evidence" prior to her Rule 56(d) request. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773-74 (9th Cir. 2003) (citation and quotation marks omitted). Thus, the court did not abuse its discretion in denying Carr's request.

**AFFIRMED.**