[No. 73299-0.   En Banc.]
Argued May 22, 2003.      Decided November 6, 2003.

JANICE M. SMITH, ET AL., *Individually and as Assignees, Petitioners*, v. SAFECO INSURANCE COMPANY, ET AL., *Respondents.*

*Paul N. Luvera, David M. Beninger,* and *Patricia Anderson* (of *Luvera, Barnett, Brindley, Beninger & Cunningham*), for petitioners.

*R. Scott Fallon* (of *Fallon & McKinley*); *Pamela A. Okano* (of *Reed McClure*); and *Robert D. Reinhard,* for respondents.

*Bryan P. Harnetiaux* and *Debra L. Stephens* on behalf of Washington State Trial Lawyers Association Foundation, amicus curiae.

SANDERS, J. — Petitioners Janice M. and Randal Smith, assignees of the policyholder's claims against her insurer, seek reversal of a Court of Appeals decision which held as a matter of law Safeco Insurance Co. did not breach its duty of good faith to its policyholder when it refused to disclose her policy limits to a third party claimant before any

lawsuit was filed against her. This is the companion case to *American States Insurance Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 78 P.3d 1266 (2003). Both cases require the court to decide whether the insurer's burden of proof on the summary judgment standard introduced by *Ellwein v. Hartford Accident & Indemnity Co.*, 142 Wn.2d 766, 15 P.3d 640 (2001) is appropriate or applicable. We conclude it is not, and reverse and remand to the trial court for proceedings consistent with this opinion.

## FACTS

In April 1997 Janice Smith suffered serious injuries after the car she was driving was rear-ended by a car driven by Linda Bryce. Bryce had $100,000 of liability insurance through Safeco. Between August 1998 and March 1999 Smith made several requests of Safeco to disclose the limits of Bryce's insurance policy, but Smith refused to provide any written documentation of her claim. Safeco was unable to contact Bryce until April 1999 because it no longer insured her and did not have her current address. Safeco refused to disclose her policy limits to Smith, claiming it had insufficient information to believe the value of the demand exceeded the policy limits, and Safeco did not know whether Bryce would consent or object to such disclosure. On March 29, 1999, Smith and her husband filed a personal injury claim against Bryce. In response to the Smiths' written description of their claim and demand for the full limits of Bryce's policy, and after receiving Bryce's permission, Safeco disclosed the limits of Bryce's policy and on June 30, 1999, paid the limits in full. Clerk's Papers (CP) at 70, 165.

Pursuant to the settlement agreement reached with the Smiths, Bryce agreed to have partial judgment entered against her in the amount of $100,000 and to assign her rights, if any, against Safeco. On October 19, 1999, Safeco filed a complaint for declaratory judgment against Bryce and the Smiths, alleging it did not act in bad faith by

refusing to disclose the policy limits to the Smiths before they filed suit against Bryce. On January 19, 2000 the Smiths amended their personal injury complaint to add bad faith claims against Safeco based on its refusal to disclose Bryce's policy limit. The trial court consolidated the Smiths' personal injury action and Safeco's declaratory judgment action. On Safeco's motion for summary judgment the trial court dismissed the Smiths' case.

The Smiths appealed, alleging Safeco breached its duty of good faith to them in their own right and as Bryce's assignees. The Court of Appeals affirmed. *Smith v. Safeco Ins. Co.*, 112 Wn. App. 645, 650, 656, 50 P.3d 277, 55 P.3d 1177 (2002). The Smiths then petitioned this court for review on the sole issue of whether Safeco breached its duty to Bryce, which we granted. *Smith v. Safeco Ins. Co.*, 148 Wn.2d 1015, 64 P.3d 649 (2003).

## STANDARD OF REVIEW

"The standard of review of an order of summary judgment is de novo, and the appellate court performs the same inquiry as the trial court." *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002).

## ANALYSIS

As an initial matter Safeco moves to strike section D of the Smiths' supplemental brief, in which they argue the Court of Appeals erred in affirming dismissal of all claims without reviewing their independent standards. On Safeco's motion, the trial court granted Safeco summary judgment on the bad faith claim and entered a final judgment which disposed of the case. CP at 199. The Smiths now argue in their supplemental brief "[a]t no time did Safeco, the trial court, or the Court of Appeals address the legal standards and facts supporting Smiths' claims of negligence, CPA [Consumer Protection Act], breach of statutory and fiduciary duties, and breach of contract." Supplemental Br. of Pet'rs' Smiths at 19. Safeco moved to

strike that section of the Smiths' supplemental brief because that issue is not properly before the court. We agree although our disposition of that motion is rendered moot by our action on the merits.

As to the substantive issue, an insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 765, 58 P.3d 276 (2002). To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded." *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 433, 38 P.3d 322 (2002). Whether an insurer acted in bad faith is a question of fact. *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 796, 16 P.3d 574 (2001). Accordingly, an insurer is entitled to a directed verdict or a dismissal on summary judgment of a policyholder's bad faith claim only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party. *Indus. Indem. Co. of the N.W., Inc. v. Kallevig*, 114 Wn.2d 907, 920, 792 P.2d 520 (1990). However, *Ellwein*, which issued one week before *Van Noy*, contains a statement that has caused some confusion. It states policyholders "must prove bad faith as a matter of law." *Ellwein*, 142 Wn.2d at 775-76. Specifically, *Ellwein* states:

> "An insurer is entitled to dispute claims so long as it has a reasonable basis. If reasonable minds could *not* differ on the coverage-determining facts, a verdict should be directed or summary judgment rendered on coverage."

*Ellwein*, 142 Wn.2d at 777 (quoting William T. Barker & Paul E.B. Glad, *Use of Summary Judgment in Defense of Bad Faith Actions Involving First-Party Insurance*, 30 Tort & Ins. L.J. 49, 56 (1994)).

Safeco argues that it is entitled to summary judgment unless its policyholder can prove bad faith as a matter of

law. Further, it contends that an insured cannot prove bad faith as a matter of law if the insurer can point to any reasonable basis for its action. Under Safeco's reading of *Ellwein*, unless the Smiths are entitled to summary judgment as a matter of law, Safeco is entitled to summary judgment dismissing the Smiths' bad faith claim. This is a significant departure from our holding in *Ellwein*, and from our summary judgment procedure. *Ellwein* did not create a special burden for policyholders, nor did it create special standards of summary judgment to benefit insurers accused of bad faith.

Claims by insureds against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. *See, e.g., Safeco Ins. Co. v. Butler*, 118 Wn.2d 383, 388, 823 P.2d 499 (1992). As a substantive matter, an insurer has a duty of good faith to all of its policyholders and, to succeed on a bad faith claim, a policyholder must show the insurer's breach of the insurance contract was "unreasonable, frivolous, or unfounded." *Overton*, 145 Wn.2d at 433. *Ellwein* clarifies that part of this inquiry is whether the insurance company *did* have a cognizable reason to deny coverage.

Whether an insurer acted in bad faith remains a question of fact. *Van Noy*, 142 Wn.2d at 796; *cf. Ellwein*, 142 Wn.2d at 776 (noting the burden of proving that fact rests on the insured as a matter of law). A motion for summary judgment is properly granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. *Sherman v. State*, 128 Wn.2d 164, 183, 905 P.2d 355 (1995). Questions of fact may be determined on summary judgment as a matter of law where reasonable minds could reach but one conclusion. *Ruff v. County of King*, 125 Wn.2d 697, 703-04, 887 P.2d 886 (1995); *see also Ellwein*, 142 Wn.2d at 776. But a court must deny summary judgment when a party raises a material factual

dispute. *Balise v. Underwood*, 62 Wn.2d 195, 200, 381 P.2d 966 (1963). The legal inquiry shapes what is a material fact. *Ellwein* speaks to that shaping.

If the insured claims that the insurer denied coverage unreasonably in bad faith, then the insured must come forward with evidence that the insurer acted unreasonably. The policyholder has the burden of proof. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds. *Cf. Ellwein*, 142 Wn.2d at 776. If, however, reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. If the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ that its denial of coverage was justified. However, the existence of some theoretical reasonable basis for the insurer's conduct does not end the inquiry. The insured may present evidence that the insurer's alleged reasonable basis was not the actual basis for its action, or that other factors outweighed the alleged reasonable basis. To the extent that *Ellwein* is inconsistent with these principles, it is overruled.

The sole issue before this court is whether petitioners have established a material question of fact, sufficient to defeat summary judgment, as to whether Safeco breached its duty to its policyholder. To affirm there must be no disputed facts pertaining to "the reasonableness of the insurer's action in light of all the facts and circumstances of the case." *Kallevig*, 114 Wn.2d at 920. The trial court and the Court of Appeals applied the wrong standard when granting and affirming summary judgment in favor of Safeco. Further, Smiths' claims of negligence, Consumer Protection Act (chapter 19.86 RCW), breach of statutory fiduciary duties, and breach of contract remain unresolved. Accordingly, we reverse the Court of Appeals and remand

the case to the trial court for proceedings consistent with this decision, which may include summary judgment and/or trial.

JOHNSON, MADSEN, IRELAND, CHAMBERS, and FAIRHURST, JJ., concur.

ALEXANDER, C.J. (concurring in part, dissenting in part) — I agree with the majority's characterization of our holding in *Ellwein v. Hartford Accident & Indemnity Co.*, 142 Wn.2d 766, 15 P.3d 640 (2001), and its clarification of the insurer's burden on summary judgment in a bad faith case. I am completely in accord with the conclusion that the question of whether or not an insurer has acted in bad faith is a question of fact to which the ordinary standards relating to summary judgment motions apply.

I disagree, however, with the majority's conclusion that there is a genuine fact issue present here that can be resolved only at a trial. In my view, reasonable minds could conclude only that Safeco acted in good faith in its dealings with Smith, who was the assignee of its policyholder, Bryce. Thus, even applying the correct burden on the moving party, Safeco, summary judgment was properly granted. I say that because it is clear from the record that Safeco's decision to not disclose its insured's policy limits without either securing its insured's consent or having a basis for determining that disclosure was not contrary to her best interest was not unreasonable, frivolous, or unfounded.

Fundamentally, Safeco was not under any obligation to disclose the limits of Bryce's policy to a third party claimant like Smith if to do so was not in its insured's best interest. The record shows that Safeco's primary reason for refusing to disclose the limits of Bryce's policy was that it lacked reliable information on the nature of Smith's injuries or the size of her claim. Significantly, Safeco attempted several times to obtain this information from Smith and yet it did not receive it until May 17, 1999. Less than 10 days later Safeco disclosed the limits of Bryce's policy to Smith. In my

view, it was entirely reasonable for Safeco to withhold disclosure of Bryce's policy limits until it received the information it sought. It needed this information to evaluate Smith's demand, and without it, as the Court of Appeals properly observed, "a reasonable person in Safeco's shoes would not have believed that disclosure of Bryce's policy limits would serve Bryce's (as opposed to Smith's) interests." *Smith v. Safeco Ins. Co.*, 112 Wn. App. 645, 654, 50 P.3d 277, 55 P.3d 1177 (2002) (emphasis omitted), *review granted*, 148 Wn.2d 1015, 64 P.3d 649 (2003).

Notwithstanding Smith's failure to provide it with the information it requested and needed, Safeco attempted to contact Bryce in order to obtain her consent to disclosure of policy limits. It did this despite the fact that Safeco was no longer Bryce's insurer and did not have current information as to her whereabouts. The Smiths respond that Safeco's efforts to contact Bryce came late and only on the cusp of litigation. Although the record does reveal that the effort to contact Bryce occurred several months after Safeco first received Smith's demand for disclosure of limits, the delay does not seem at all unreasonable in light of the fact that Safeco was awaiting documentation of Smith's claims of injury and a specific settlement demand.

Because the evidence, when viewed most favorably to Smith, compels a conclusion that Safeco's conduct was not unreasonable I would hold that, as a matter of law, Safeco did not act in bad faith and would affirm the Court of Appeals decision to uphold the trial court's grant of summary judgment in favor of Safeco.

BRIDGE and OWENS, JJ., concur with ALEXANDER, C.J.