98 P.3d 496 (2004)
Michael and Elizabeth WHITE, and the marital community comprised thereof, Respondents,
v.
ALLSTATE INSURANCE COMPANY, a foreign insurance company authorized to do business in Washington, Appellant.
No. 53004-6-I.
Court of Appeals of Washington, Division 1.
August 16, 2004.
Publication Ordered September 27, 2004.
Pamela Okano, Michael S. Rogers, Reed McClure, Seattle, WA, for Appellant.
Scott D. Fletcher, A. Richard Dykstra, Stafford Frey Cooper, Seattle, WA, Michael N. White, Friedman Rubin & White, Bremerton, WA, for Respondents.
*497 COLEMAN, J.
Allstate Insurance seeks reversal of the trial court's order granting summary judgment in favor of the insureds, Michael and Elizabeth White, finding coverage under the Whites' condominium owners policy. We reverse the trial court's decision because the applicable loss under the policy occurred prior to the beginning date of the policy.

FACTS
Shortly after completion of the Seattle Heights Condominium complex, residents began to report water leakage. In 1997, the Seattle Heights Condominium Association sued the developer and general contractor for damage caused by the water intrusion and construction defects. The Association levied special assessments against the unit owners to pay for the litigation. In 1997, the Association reached a $12.5 million settlement with the developer. At the time of settlement, the Association expected the settlement to cover the costs of all repairs and the litigation.
Michael and Elizabeth White purchased a unit in the Seattle Heights complex in October 1999. At the same time, the Whites purchased a condominium owners policy from Allstate Insurance Company. In 2001, the engineers hired by the Association to assess the damage completed their study and created a construction budget. The Association then realized that the settlement would not cover all of the costs of repair. Because the settlement was insufficient, the Association levied a special assessment on the unit owners in an aggregate amount of $5,848,389 for" `the purposes of collecting the balance of the funds necessary to repair damages to the common areas of the building due to water intrusion.'" The Whites' share of the special assessment was $24,478.65.
The Whites tendered their claim for reimbursement of the assessment to Allstate. Allstate denied the claim, arguing that the applicable "loss" had not occurred during the policy period and therefore the assessment was not covered under the Whites' policy. The Whites sued Allstate, bringing claims for breach of contract, Consumer Protection Act violations, and declaratory relief. The Whites moved for partial summary judgment. The trial court granted partial summary judgment, concluding, "the special assessment levied against plaintiffs by their condominium association on October 9, 2001 is the applicable loss for purposes of the Loss Assessment coverage[.]" The court also ruled that "although the property damage to the condominium pre-dated the policy period, this does not preclude coverage."
The parties then filed cross-motions for summary judgment. The trial court granted the Whites' motion and denied Allstate's. The parties stipulated to the dismissal of the Whites' bad faith and Consumer Protection Act claims, and the trial court entered final judgment. Allstate filed a timely notice of appeal.

STANDARD OF REVIEW
We review a trial court's order granting summary judgment de novo. Smith v. Safeco Ins. Co., 150 Wash.2d 478, 483, 78 P.3d 1274 (2003). The interpretation of an insurance policy is a question of law and therefore we will conduct de novo review. State Farm Gen. Ins. Co. v. Emerson, 102 Wash.2d 477, 480, 687 P.2d 1139 (1984).

ANALYSIS
The first issue we address is whether the trial court erred in determining that the October 2001 assessment constituted a loss under the policy. An insurance policy is a contract and must be interpreted as such. Washington Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Sys. No. 1, 112 Wash.2d 1, 10, 771 P.2d 701 (1989). The court must read the policy as a whole and give a "fair, reasonable, and sensible construction." Queen City Farms, Inc. v. Central Nat'l Ins. Co. of Omaha, 126 Wash.2d 50, 65, 882 P.2d 703 (1994) (quoting Grange Ins. Co. v. Brosseau, 113 Wash.2d 91, 95, 776 P.2d 123 (1989)). If the language of the policy is clear and unambiguous, the court must enforce it as written. Washington Pub. Util. Dists.', 112 Wash.2d at 10, 771 P.2d 701. Here, the "Loss Assessment" coverage of the Whites' policy reads:

*498 We will pay your share of any special assessments charged against the condominium owners by the association up to the limit of liability shown on the Policy Declarations, when the assessment is made as a result of:
a) sudden and accidental direct physical loss to the condominium property, owned by all units owners collectively, except as limited or excluded under Section I of this policy; or
b) bodily injury or property damage covered under Section II of this policy.
....
In the event of an assessment, this coverage is subject to all the exclusions applicable to Sections I and II of this policy and the Section[s] I and II Conditions, except as otherwise noted.
This coverage is excess over any insurance collectible under any policy or policies covering the association of unit owners.
(Boldface in original denoting defined terms.) "The policy applies only to losses or occurrences that take place during the policy period." (Boldface omitted.) Allstate argues that because the assessment is the result of the prior water intrusion, it is not covered under the policy because the loss, i.e., water intrusion, occurred before the effective date of the policy. Allstate argues that the trial court erred in equating the word "loss" with the assessment that arose from the loss. The Whites, on the other hand, argue that a loss for the purposes of coverage is an event that imposed a "financial detriment." The Whites' argument hinges on a dictionary definition of the term "losses."[1] Their interpretation, however, is contrary to the plain, unambiguous language of the policy. The policy provides coverage for assessments "when the assessment is made as a result of: a) sudden and accidental direct physical loss to the condominium property[.]" (Emphasis added.) Under the plain language of the policy, there is a distinction between assessment and loss. The assessment is a financial obligation that is imposed on the condominium owners as a result of a loss, but an assessment itself is not a loss under the terms of the policy. Therefore, under the terms of the policy, it is the timing of the direct physical loss  i.e., the water intrusion damage  that determines whether there is coverage. The Whites do not dispute that the physical damage to the property occurred prior to the inception of the policy. Because the loss in this case occurred before the policy went into effect, we hold that the October 2001 assessment is not covered under the insurance policy as a matter of law.
We reverse the decision of the trial court and remand for entry of summary judgment in favor of Allstate.[2]
KENNEDY, J., and APPELWICK, J., concur.
NOTES
[1] The Whites define losses as "[t]he amount of an insured's financial detriment due to the occurrence of a stipulated contingent event (as death, injury, destruction, or damage) in such a matter as to charge the insurer with liability under the terms of the policy." Brief of Respondent, at 8 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1338 (1993)).
[2] Because we determine that the assessment was not covered under the policy, we do not reach Allstate's remaining arguments.