MEMORANDUM *
Lloyd Taylor appeals from the district court’s grant of summary judgment in favor of Sentry Group of Companies (“Sentry”). Taylor was severely injured in an automobile accident caused by the negligence of Sentry’s insured, Larry Green. Taylor’s medical expenses alone exceeded $200,000, and Green’s policy limit was $25,000. Taylor asks us to reverse the district court’s decision that Sentry did not act in bad faith by failing to pursue settlement above the policy limit. We have jurisdiction under 28 U.S.C. §§ 1291 and 1332, and we affirm.
Under Washington state law, “[wjhether an insurer acted in bad faith is a question of fact.” Smith v. Safeco Ins. Co., 150 Wash.2d 478, 78 P.3d 1274, 1277 (2003) (en banc). An insurer is therefore entitled to a dismissal on summary judgment “if there are no disputed material facts pertaining to the reasonableness of the insurer’s conduct under the circumstances.” Id. Alternatively, the insurer is entitled to prevail if, on the facts construed most favorably to the nonmoving party, the insurer acted reasonably as a matter of law. Id.
The facts are undisputed. Sentry tendered its policy limits to Taylor on three occasions, and Taylor rejected the offers. Taylor now argues that Sentry had an ongoing duty to conduct settlement negotiations designed to reach the most favorable settlement terms available, regardless of policy limits. He contends that Sentry breached this duty by failing to investigate Taylor’s reasons for rejecting the settlement offers and “to keep fighting for settlement.” Although Taylor asserts that Washington law requires an insurer to do *459 “everything possible” to effect a settlement, we find no cases or statutes to support this proposition.
In Hamilton v. State Farm Insurance Co., 83 Wash.2d 787, 523 P.2d 193 (1974) (en banc), the Washington Supreme Court held that “it is the affirmative duty of the insurer to make a good faith attempt to effect settlement.” Id. at 196-97. However, that “affirmative duty” applies only to settlement within policy limits, id. at 196, and requires only a “good faith attempt,” id. at 197, which Sentry made.
As articulated by the district court, a claim of bad faith must be supported by evidence of deception, dishonesty, or intentional disregard for 'the insured’s interest. Wash. Rev.Code § 48.01.030; Anderson v. State Farm Mut. Ins. Co., 101 Wash.App. 323, 2 P.3d 1029, 1033 (2000). There is no such evidence in the record. We agree with the district court that Sentry was willing to make a prompt, fair, and equitable settlement with Taylor, and that Sentry cannot be faulted for Taylor’s rejection of settlement in the amount of policy limits. There are no disputed facts pertaining to the reasonableness of Sentry’s conduct. Sentry is thus entitled to summary judgment on the claim of bad faith.
In its denial of Taylor’s motion for reconsideration, the district court noted an additional reason for granting summary judgment to Sentry: that Taylor did not produce any evidence that Sentry’s conduct resulted in harm to Green. Causation of harm is an essential element of a bad faith claim. Safeco Ins. Co. of Am. v. Butler, 118 Wash.2d 383, 823 P.2d 499, 503 (1992) (en banc). Given Taylor’s repeated and unexplained refusals to settle, as well as his testimony that he never authorized his lawyers to settle for any amount, there is no indication that additional offers by Sentry would have resulted in an outcome more favorable to Taylor. We therefore affirm the district court’s grant of summary judgment on the bad faith claim in favor of Sentry.
Washington’s Consumer Protection Act (“CPA”) provides a cause of action against an insurer who does “[n]ot attempt[] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.” Wash. Admin. Code § 284-30-330(6). Washington courts have interpreted the CPA to prohibit the same kind of conduct for which an insurer would be liable in a bad faith tort. Truck Ins. Exch. v. VanPort Homes, Inc., 147 Wash.2d 751, 58 P.3d 276, 283-84 (2002) (en banc). As Taylor’s bad faith claim fails, his claim under the CPA fails as well. We affirm the district court’s grant of summary judgment on the CPA claim in favor of Sentry.
AFFIRMED.

 This dispositioji is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.