# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHARLES HAYS and KRISTA HAYS, each individually and the marital community comprised thereof, | No. 46679-1-II |
| Appellants, | |
| v. | |
| STATE FARM INSURANCE COMPANY, a foreign insurance company, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, P.J. — Charles and Krista Hays appeal the superior court's summary dismissal of their claims of bad faith claims practices and Washington Consumer Protection Act (CPA) violations against State Farm Insurance Company (State Farm). The Hayses' 38-year-old manufactured home was a total loss following a February 19, 2010 fire. After the fire, the Hayses filed a claim under their State Farm homeowner's insurance policy. Over the next two years, the Hayses and State Farm disagreed over their home's valuation and engaged in a series of back and forth communication. In February 2013, the Hayses filed a lawsuit against State Farm alleging bad faith claims practices and CPA violations. The superior court granted State Farm's motion for summary judgment dismissing the Hayses' claims. The Hayses argue the court erred by dismissing their claims because genuine issues of material facts exist regarding (1) whether State Farm acted in good faith in handling the Hayses' claim and (2) whether State Farm violated Washington's CPA.

We affirm the superior court's summary dismissal of the Hayses' claims insofar as they are based on State Farm's investigation of the Hayses' claim and alleged violation of WACs 284-30-370, 284-30-330(4), and 284-30-330(7). However, we reverse and remand for trial on the Hayses' bad faith and CPA claims based on State Farm's delay of the Hayses' claim and State Farm's alleged violation of WACs 284-30-330(2), 284-30-330(6), and 284-30-330(13).

FACTS

Charles and Krista Hays own real property in Monroe, Washington. A manufactured home was situated on the property. In 2000, the Hayses spent approximately $30,000 to remodel and update their home. The Hayses purchased a homeowner's insurance policy from State Farm for actual value coverage.

In February, 2010, fire totally destroyed the Hayses' home. The Hayses submitted a claim for benefits under their policy. State Farm obtained an appraisal on the home placing the home's value at $16,458. Lindsay Person, the State Farm claim representative originally assigned to the Hayses' claim, noted that this amount seemed low. When Person informed the Hayses of the valuation, they were dissatisfied with the low appraisal, and the Hayses sent State Farm a copy of a Town & Country appraisal done before the Hayses remodeled and updated. State Farm contacted Town & Country to issue an updated appraisal report for the property that would reflect the updates on the home. Town & Country valued the Hayses' home at $30,000.[1]

---

[1] State Farm contends that the second Town & Country appraisal considered the remodel and upgrades, valuing the home's replacement cost, including the porch at $86,000. State Farm also contends the appraiser determined the Hayses' house was effectively half its real age, or 19 years, because of the updates. According to State Farm, the appraiser divided the home's economic life by its effective age according to industry standard, resulting in a 63 percent depreciation in value.

State Farm claims that on May 3, 2010, it sent a letter to the Hayses enclosing a copy of the appraisal and a final check for coverage of their property damage in the amount of $32,580. The Hayses claim that they never received this letter. Rather, the Hayses contend they received only the check for $32,580, and they argue that between June 2010 and October 2010 they made repeated attempts to contact State Farm regarding the status of their claim and the manner in which State Farm conducted their valuation, but received no response.

On October 17, 2010, the Hayses sent a letter to a supervisor at State Farm articulating their frustration with their claims process, requesting their claim be assigned to a different claims representative, and seeking clarification of the valuation method. On October 26, 2010, State Farm responded to the Hayses' October 17 letter showing the payments made to the Hayses up to that date and explaining that the actual cash value at the time of the loss was established by the Town & Country appraisal. State Farm sent a proof of loss form and another copy of the appraisal with the letter and also alerted the Hayses that State Farm had requested a certified copy of their manufactured home policy and it would be forwarded on receipt. The letter further notified the Hayses that they had reassigned the claim to Robert Nakashima. This correspondence was returned to State Farm because it was sent to the Hayses' old address. On December 10, 2010, Nakashima re-sent the Hayses the original letter, and on December 14, sent the Hayses the certified copy of their policy to the correct address.

In January 2011, the Hayses retained the services of a public adjuster to assist them with their claim. In March 2011, through their public adjuster, the Hayses submitted a formal proof of loss to State Farm, claiming an amount of $123,634.00. The parties agreed to submit the disputed valuation to an arbitrator through an alternative dispute resolution (ADR) tool provided

3

by the policy. In December 2011, the arbitrator issued an award with an actual cash value award of $70,603.21. State Farm paid the remaining ADR award balance in January 2012.

In February 2013, the Hayses filed a lawsuit against State Farm alleging several theories of liability under common law, RCW 48.01.030, and Washington's CPA. They alleged that State Farm engaged in bad faith under the common law and RCW 48.01.030 by failing to reasonably investigate and by delaying the Hayses' claim. They also alleged that State Farm violated Washington's CPA by engaging in bad faith and by violating WACs 284-30-370, 284-30-330(2), 284-30-330(4), 284-30-330(6), 284-30-330(7) and 284-30-330(13). In August 2014, the superior court granted State Farm's motion for summary judgment dismissal of Hayses' claims. The Hayses appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

We review a summary judgment order de novo. *Owen v. Burlington N. Santa Fe R.R. Co.*, 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). As the moving party, State Farm has the initial burden of showing the absence of an issue of material fact. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395, 823 P.2d 499 (1992). The burden then shifts to the Hayses to set forth specific facts establishing that there is a genuine issue of material fact for trial. *Young v. Key Pharms. Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A motion for summary judgment accepts all facts and reasonable inferences in the light most favorable to the nonmoving party. *Owen*, 153 Wn.2d at 787. Considering the facts in the light most favorable to the nonmoving party, the motion for summary judgment

should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Failla v. FixtureOne Corp*, 181 Wn.2d 642, 649, 336 P.3d 1112 (2014).

## II. BAD FAITH — VIOLATION OF COMMON LAW AND RCW 48.01.030

The Hayses argue the superior court erred by granting summary dismissal of their bad faith claims because issues of material fact exist regarding State Farm's failure to reasonably investigate and its unreasonable delay of the Hayses' claim by failing to provide information about the Hayses' claim. We disagree that issues of material fact exist regarding State Farm's investigation, but agree that issues of material fact exist regarding delay of the Hayses' claim.

Insurers in Washington have a duty to act in good faith and deal fairly with their insured. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484, 78 P.3d 1274 (2003). This duty of good faith for the insurance industry is required by statute:

> The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance.

RCW 48.01.030.

A violation of this duty gives rise to a common law tort cause of action for bad faith. *Smith*, 150 Wn.2d at 484.[2] An insurer may breach its broad duty to act in good faith by conduct short of intentional bad faith or fraud, although not by a good faith mistake. *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 329, 2 P.3d 1029 (2000); *see also Sharbono v. Universal*

---

[2] The Hayses correctly note that a violation of the duties enumerated in the WAC regulating the actions of insurance companies during claims administration may give rise to a bad faith claim under Washington law. On appeal the Hayses focus their discussion of State Farm's alleged WAC violations as part of their CPA claims, and therefore we address these alleged violations in the following section.

*Underwriters Ins. Co.*, 139 Wn. App. 383, 161 P.3d 406 (2007). An insurer does not act in bad faith where it "'acts honestly, bases its decision on adequate information, and does not overemphasize its own interest.'" *Lloyd v. Allstate Ins. Co.*, 167 Wn. App. 490, 496, 275 P.3d 323 (2012) (quoting *Werlinger v. Clarendon Nat'l Ins. Co.*, 129 Wn. App. 804, 808, 120 P.3d 593 (2005).

Under Washington law every insurer has a duty to act promptly, in both communication and investigation in response to a claim or tender of defense. *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132, 196 P.3d 664 (2008). Insurers have not only a general duty of good faith, but also a specific duty to act with reasonable promptness in investigation and communication with their insureds following a notice of a claim. 165 Wn.2d at 132. An insurer must give equal consideration to its policyholder's interests as well as its own. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

The question in bad faith claims is always whether the insurer acted reasonably under the facts and circumstances of the case. *Indus. Indem. Co. of the NW, Inc. v. Kallevig*, 114 Wn.2d 907, 920, 792 P.2d 520 (1990); *Lloyd*, 167 Wn. App. at 496. To establish bad faith, an insured is required to show the insurer's action was unreasonable, frivolous, or unfounded. *Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.*, 161 Wn.2d 903, 916, 169 P.3d 1 (2007).

Whether an insurer acted in bad faith is a question of fact. *Smith*, 150 Wn.2d at 485. Accordingly, an insurer is entitled to a dismissal on summary judgment of a policyholder's bad faith claim only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party. *Lloyd*, 167 Wn.

App. at 496. Where reasonable minds could not differ as to the reasonableness of the insurer's actions, summary judgment is appropriate. 167 Wn. App. at 496.

The issue before us is whether the Hayses established a question of material fact sufficient to defeat summary judgment as to whether State Farm breached its duty of good faith to the Hayses. To affirm, there must be no disputed facts pertaining to the reasonableness of State Farm's action in light of all the facts and circumstances of the case. *Lloyd*, 167 Wn. App. at 496. Here, the Hayses specifically contend that State Farm breached its duty of good faith by failing to reasonably investigate the Hayses' claim and by unreasonably delaying the claim by failing to provide information.

A.      *Failure To Reasonably Investigate*

The Hayses argue that State Farm failed to reasonably investigate and value their claim. We disagree.

The Hayses provide no evidence to support this allegation. Rather, the uncontested evidence shows that State Farm timely and reasonably investigated their claim by obtaining two independent appraisals and issuing a check for the amount most favorable to the Hayses. The Hayses contend that the second appraisal by Town & Country did not take the remodel and updates into consideration, but they present no evidence to support their contention. On the contrary, the evidence shows the appraisal did consider the Hayses' improvements. In her declaration, Lindsay Person states that the appraisal was obtained specifically to take the updates into consideration, and noted that the appraisal considered a newer roof, new vinyl windows, carpet, drywall, and wood finishes as well as a covered porch and deck. A letter sent to the

Hayses from State Farm in April 2011 further explains the valuation and states that Town & Country took the improvements into consideration.

Moreover, State Farm contacted Town & Country for an updated appraisal after the Hayses sent State Farm a previous Town & Country appraisal done on their home. It is incongruous for the Hayses to now argue that use of an appraisal by Town & Country constituted an unreasonable investigation.

The Hayses further point to the ADR award as evidence that State Farm's investigation was unreasonable, arguing that the higher award is evidence of State Farm's failure to reasonably investigate. While it is true that the ADR award applied a lower depreciation value than the Town & Country appraisal, this fact alone does not establish that State Farm acted unreasonably or in bad faith. *Am. Mfrs. Mut. Ins. Co. v. Osborn*, 104 Wn. App. 686, 700-01, 17 P.3d 1229 (2001).

The Hayses presented no evidence showing that State Farm's investigation was unreasonable. Therefore, the Hayses fail to raise an issue of material fact to support their claim that State Farm violated its duty of good faith on this ground.

B. *Delay of Claim*

The Hayses next argue that State Farm violated its duty of good faith by delaying the Hayses' claim when it refused to provide information regarding the home's valuation and a copy of their policy. Viewing the evidence in the light most favorable to the Hayses, we hold that reasonable persons could differ as to whether State Farm's actions were unreasonable.

The Hayses argue that in May 2010 they received a check for $32,580 from State Farm with no explanation of what the check was for or how State Farm calculated the amount. State

Farm claims it sent a cover letter explaining the valuation of their claim along with a copy of the updated Town & Country appraisal when it sent the check. The Hayses contend they never received the letter or appraisal. The Hayses further claim they repeatedly attempted to contact State Farm for an explanation of the amount but did not receive any response to the appraisal valuation issue.

On October 17, 2010, the Hayses wrote a letter to a supervisor at State Farm requesting a copy of the policy, further explanation of the valuation, and for their claim to be reassigned to a new representative. It is undisputed that on October 26, State Farm sent a letter responding to the Hayses' concerns to the Hayses' old address, and did not re-send the letter until seven weeks later.

The evidence, taken in the light most favorable to the Hayses, shows that State Farm sent a check with no explanation to the Hayses in May, and despite the Hayses' repeated requests for additional information, State Farm did not respond until December 14. Because we take all facts and reasonable inferences in the light most favorable to the nonmoving party, we hold that the Hayses successfully raise an issue of material fact as to whether State Farm violated its duty of good faith by unreasonably failing to provide information regarding the Hayses' claim and thus delaying their claim.

### III. CONSUMER PROTECTION ACT

The Hayses also argue that State Farm violated Washington's Consumer Protection Act by violating its common law duties of good faith and by violating WACs 284-30-370 and 284-30-330. We disagree that any genuine issue of material fact exists as to whether State Farm acted in bad faith in its investigation of the Hayses claim or whether State Farm violated WACs

284-30-370, 284-30-330(4), or 284-30-330(7), but we agree that genuine issues of material fact exist as to whether State Farm acted in bad faith by unreasonably delaying the Hayses' claim and whether State Farm violated WACs 284-30-330(2), 284-30-330(6), and 284-30-330(13).[3]

Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail in an action under the CPA, the Hayses must establish the following five elements: (1) State Farm engaged in an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) the Hayses have suffered injury in their business or property; and (5) a causal link exists between the unfair or deceptive act and the injury suffered. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009). The first two elements of a CPA action may be satisfied by a legislatively declared per se unfair trade practice. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 791, 719 P.2d 531 (1986). The public interest element may be satisfied per se by a showing that a statute has been violated which contains a specific legislative declaration of public interest impact. *Hangman Ridge*, 105 Wn.2d at 791.

We first address the various grounds on which the Hayses attempt to satisfy the first three elements of their CPA claims before addressing their alleged injury.

A.      *Duty of Good Faith*

The insurance code begins with recognition that "[t]he business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from

---

[3] Insofar as a genuine issue of material fact exists as to State Farm's alleged violations of the WAC, summary judgment dismissal of the Hayses' CPA and bad faith claims based on these WAC violations is inappropriate.

deception, and practice honesty and equity in all insurance matters." RCW 48.01.030. The legislature's specific declaration of public interest in insurance matters makes an insurer's violation of the duty of good faith under RCW 48.01.030 a per se violation of the public interest requirement of a CPA claim. *Hangman Ridge*, 105 Wn.2d at 791. Whether an insurer acted in good faith in administrating a claim, for purposes of Washington's CPA, depends on the reasonableness of its actions. *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424, 433, 788 P.2d 1096 (1990). An insurer violates the CPA if it acts without reasonable justification in handling a claim by its insured. *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 434-35, 983 P.2d 1155 (1999).

As discussed above, taking all facts in the light most favorable to the Hayses, an issue of material fact exists as to whether State Farm violated its duty of good faith by unreasonably delaying the Hayses' claim by not promptly providing information regarding the Hayses' claim.

B.       *Alleged Violations of the Washington Administrative Code*

The insurance code permits the insurance commissioner to promulgate administrative regulations governing the claims-handling process. RCW 48.30.010. To this end, the commissioner adopted chapter 284-30 WAC. A violation of the insurance code or a regulation promulgated thereunder constitutes a per se unfair practice under the CPA, and satisfies the first two elements of a CPA claim. *Onvia, Inc.*, 165 Wn.2d at 134. Furthermore, given the legislature's mandate of a public interest in the business of insurance, it follows that an insurer's violation of the insurance code or insurance regulations thereunder impacts the public interest for purposes of the third element of a CPA claim. RCW 48.01.030; *Hangman Ridge*, 105 Wn.2d at 791.

11

1. *WAC 284-30-370*

The Hayses argue that State Farm violated WAC 284-30-370 by failing to complete its investigation within thirty days after notice of the claim. The Hayses misrepresent the regulation's full text.

WAC 284-30-370 requires that an insurance company complete its investigation within thirty days after the notice of the claim, *unless the investigation cannot reasonably be completed within that time.* The record shows that State Farm immediately began its investigation into the claim. The Hayses acknowledge that within approximately one month of the fire, State Farm had obtained an appraisal of the home and issued the Hayses a check in accordance with that appraisal. State Farm and the Hayses thought the first appraisal seemed low, and after receiving an older appraisal on the home from the Hayses, State Farm contacted Town & Country Appraisal for an updated valuation. State Farm issued a new payment in accordance with the updated Town & Country appraisal on May 3, 2010.

We hold that reasonable minds could not differ that it was reasonable for State Farm to take the time to obtain a second appraisal as part of its investigation, even if that meant extending the investigation beyond thirty days. We hold that the Hayses' CPA claim fails on this ground.

2. *WAC 284-30-330(4)*

The Hayses next argue that State Farm violated WAC 284-30-330(4) which lists the refusal "to pay claims without conducting a reasonable investigation" as an unfair or deceptive act or practice of insurers. Br. of Appellants at 25. We disagree.

State Farm did not refuse to pay the claim. Rather, State Farm and the Hayses had a valuation dispute regarding how much should be paid under the claim. Moreover, State Farm

conducted a reasonable investigation. After obtaining an appraisal that was notably low, State Farm obtained a second appraisal from Town & Country. Contrary to the Hayses' argument, the Town & Country appraisal did take the remodel and updates into consideration in calculating the home's value. Furthermore, there is no evidence that using the Town & Country appraisal, a company the Hayses suggested to State Farm, was unreasonable.

The Hayses argue that if State Farm had conducted a reasonable investigation, it would have concluded their home was, in part, a "residential structure" instead of a "manufactured home" and, therefore, held greater value. Br. of Appellants at 25. The Hayses point to the ADR valuation, which described the home as "part manufactured home and part residential construction," in applying a lower depreciation rate than the Town & Country appraisal as evidence that State Farm did not conduct a reasonable investigation. CP at 226. But the fact that the ADR award applied a lower depreciation rate of the home does not mean that State Farm's original investigation was unreasonable. *See Osborn*, 104 Wn. App. at 701 (the disparity between the [insurer's] offer and the subsequent arbitration award alone does not provide a basis to evaluate the insurer's conduct). Because State Farm neither refused to pay the Hayses' claim nor failed to conduct a reasonable investigation we hold that State Farm did not violate WAC 284-30-330(4), and therefore the Hayses' CPA claim fails on this ground as well.

3. WAC 284-30-330(7)

The Hayses also argue that State Farm violated WAC 284-30-330(7), which prohibits "[c]ompelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." To overcome State Farm's summary

judgment motion, the Hayses need to establish the existence of a question of fact as to whether State Farm acted reasonably. *Osborn*, 104 Wn. App. at 700. They fail to meet this burden.

The Hayses rely on the disparity in values between the Town & Country appraisal and the ADR award as evidence of a material question of fact as to whether State Farm compelled the Hayses into litigation or appraisal. We rejected this line of reasoning in *Osborn*, 104 Wn. App. at 700-02. There, the court held that in comparing a settlement offer to the ultimate ADR award, the court must consider the circumstances and reasoning underlying the original offer. *Osborn*, 104 Wn. App. at 700-01. In concluding that Osborn had failed to raise an issue of material fact to support her claim of bad faith, the court explained "the disparity between the offer and the subsequent arbitration award was the only evidence that the insured provided to support her allegation of an unreasonably low offer. That evidence alone provides no basis to evaluate the insurer's conduct." *Osborn*, 104 Wn. App. at 701.

The Hayses make the same offer of evidence as Osborn and likewise fail to raise an issue of material fact to support their claim that State Farm violated WAC 284-30-330(7). The Hayses' CPA claim fails on this ground as well.

4. *WAC 284-30-330(2)*

The Hayses argue State Farm violated WAC 284-30-330(2) by failing to act reasonably promptly when communicating with them about their claim. WAC 284-30-330(2) lists the failure "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies" as an unfair or deceptive act or practice of the insurer. The Hayses argue that in May 2010, they received a check for $32,580 from State Farm with no explanation of what the check was for or how State Farm calculated the amount. State Farm

14

claims it sent a cover letter explaining the valuation of their claim along with a copy of the updated Town & Country appraisal when it sent the check. The Hayses contend they never received the letter or appraisal. The Hayses further argue that they repeatedly attempted to contact State Farm for an explanation of the amount but did not receive any clarification on the valuation until December 2010. Because we take all facts and reasonable inferences in the light most favorable to the nonmoving party, we hold that the Hayses successfully raise an issue of material fact as to whether State Farm failed to act reasonably promptly when communicating with respect to the Hayses' claim.

5. *WAC 284-30-330(6)*

The Hayses next argue that State Farm violated WAC 284-30-330(6), which requires an insurer to attempt "in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." Br. of Appellants at 26. The Hayses base their argument on State Farm's failure to provide information regarding the manner in which they obtained their valuation. As noted above, the Hayses successfully raise an issue of material fact as to whether State Farm unreasonably failed to act in good faith by providing information about their valuation.

6. *WAC 284-30-330(13)*

Finally, the Hayses argue that State Farm violated WAC 284-30-330(13) by failing to "promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for . . . the offer of a compromise settlement." Br. of Appellant at 27. The Hayses base their argument on State Farm's failure to provide information regarding their valuation of the Hayses' claim. As noted above, taking the facts in the light most favorable to

the Hayses, the Hayses successfully raise an issue of material fact as to whether State Farm

failed to provide any reasonable explanation, based on the insurance policy or otherwise, for

their valuation.

C.      *Damage to Business or Property*

In order to defeat State Farm's motion for summary judgment, the Hayses must also raise

an issue of material fact as to whether State Farm's alleged breach of their duty of good faith and

their alleged WAC violations proximately caused injury to the Hayses' business or property.

*Mason v. Mortg. America, Inc.*, 114 Wn.2d 842, 854, 792 P.2d 142 (1990).

For purposes of Wasington's CPA, the Hayses are not required to prove monetary

damages.  *Panag*, 166 Wn.2d at 58.  Rather, loss of use of property which is causally related to

an unfair or deceptive act or practice is sufficient injury to constitute the fourth element of a CPA

violation.  *Mason*, 114 Wn.2d at 854.  The injury element will be met if the consumer's property

interest or money is diminished because of the unlawful conduct even if the expenses caused by

the statutory violation are minimal.  *Mason*, 114 Wn.2d at 854.

The Hayses' briefing on this element appears to be a case of "copy and paste gone

wrong."  Their argument focuses on parties and facts not relevant to this case.  However, the

Hayses appear to correct this error in their reply brief where they argue that because of State

Farm's bad faith actions and its violation of the insurance regulations, the Hayses were left

without the use of their property for two years after the fire.  The Hayses acknowledge that State

Farm ultimately paid the ADR award, but contend that the delay prevented them from meeting

their mortgage obligations.  The evidence shows that as of January 21, 2011, less than one year

after the fire, State Farm had paid $40,453.69 in dwelling coverage, $5,000.00 for personal

property coverage, and $33,419.31 for loss of use coverage which included paying the Hayses'

living expenses. By the time of the arbitration award in December 2011, State Farm had paid

$49,343.03 in benefits under the Hayses' dwelling coverage and $28,449.53 in personal property

coverage. State Farm was also paying the Hayses' living expenses from the date of loss through

February 19, 2012, under their policy. However, the Hayses argue that the burden of paying

their mortgage on the damaged property and rent for their temporary housing contributed to their

financial struggles.

Taking all the facts and reasonable inferences in the light most favorable to the Hayses,

genuine issues of material fact exist as to whether any alleged CPA violations proximately

injured the Hayses' property interest.

CONCLUSION

Considering all facts and taking all reasonable inferences in the light most favorable to

the Hayses, we find that a genuine issue of material fact exists as to whether State Farm violated

its duty of good faith and Washington's CPA by delaying the Hayses' claim by failing to provide

information about their claim. Thus, we reverse the superior court's summary judgment

dismissal and remand the Hayses' claim of bad faith for delay of their claim, and the Hayses'

CPA claims based on bad faith and WACs 284-30-330(2), 284-30-330(6), and 284-30-330(13)

for trial.

However, the Hayses fail to raise an issue of material fact as to the reasonableness of

State Farm's investigation. Therefore, we affirm the superior court's summary judgment

dismissal of the Hayses' bad faith claim based on State Farm's alleged failure to reasonably

17

No. 46679-1-II

investigate, and the Hayses' CPA claims based on WACs 284-30-370, 284-30-330(4), and 284-30-330(7).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.