# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KIRT BROWNFIELD, an individual, | ) | No. 75553-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| VALLEY GENERAL HOSPITAL | ) | |
| FOUNDATION, a Washington | ) | |
| Corporation; PUBLIC HOSPITAL | ) | |
| DISTRICT NO. 1 OF SNOHOMISH | ) | |
| COUNTY, D/B/A, EVERGREEN | ) | |
| HEALTH, MONROE, a Washington | ) | |
| Corporation, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: October 2, 2017 |
| | ) | |

MANN, J. — Kirt Brownfield appeals the superior court's decision dismissing his medical malpractice claim on summary judgment. Because Brownfield failed to produce evidence of a breach in the standard of care or causation, we affirm.

## FACTS

Brownfield underwent shoulder surgery in January 2011. After his surgery, Brownfield began physical therapy at Valley General Hospital in Monroe. Physical therapy helped Brownfield's recovery and by May 2011 he was "doing very well." Brownfield claims, however, that his shoulder was reinjured during therapy:

> On or about May 6th, 2011, I went to physical therapy and was treated by a new therapist. This therapist performed a completely new movement on my arm, with no discussion about it beforehand. I was not told about any risks of the movement, or its supposed benefit. She didn't even tell me what she was going to do, and I definitely did not consent to any such movement.
>
> The movement involved her having me extend my left arm straight out from my body, parallel to the ground. She then put her right hand on my left wrist, and put her left hand on my shoulder, thereafter "pushing" my shoulder.[1]

After a Magnetic Resonance Imaging (MRI) scan showed that Brownfield's biceps tenodesis (the suture attaching the tendon to bone) was ruptured, he underwent an exploratory surgery to repair the rupture. The surgery revealed that there was no rupture and that the biceps tenodesis was intact. However, the surgery revealed an infection with "purulent appearing fluid" collecting at the incision site. The infection was cleaned and Brownfield was prescribed antibiotics.

On July 1, 2015, Brownfield filed a complaint against Valley General for medical malpractice, claiming that "[t]he injury was due to the failure of Defendant's employee/agent to exercise reasonable prudence, which fell below the applicable standard of care."

Valley General moved for summary judgment arguing that Brownfield lacked medical evidence supporting his claim. After agreeing to Brownfield's request for a CR 56(f) continuance, Valley General renoted the motion several months later. After the continuance, the trial court granted summary judgment for Valley General and dismissed Brownfield's complaint.

---

[1] Clerk's Papers (CP) at 42.

## ANALYSIS

Brownfield argues that the trial court erred in granting summary judgment and dismissing his complaint. We review summary judgment orders de novo. Seybold v. Neu, 105 Wn. App. 666, 675, 19 P.3d 1068 (2001). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

The defendant on summary judgment has the burden of showing the absence of evidence supporting the plaintiff's case. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party shows an absence of genuine issue of material fact, the burden shifts to the nonmoving party. Young, 112 Wn.2d at 225.

While we construe the evidence and reasonable inferences in the light most favorable to the nonmoving party, if the nonmoving party "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper. Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "Questions of fact may be determined on summary judgment as a matter of law where reasonable minds could reach but one conclusion." Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485, 78 P.3d 1274 (2003). The nonmoving party may not rely on speculation to create a material issue of fact. Ranger Ins. Co. v. Pierce County., 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "[M]ere allegations, denials, opinions, or conclusory statements" do not establish a material issue of fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004).

"[W]henever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70." Branom v. State, 94 Wn. App. 964, 969, 974 P.2d 335 (1999). Claims that an injury resulted from a failure to follow the accepted standard of care are addressed by RCW 7.70.030(1) and RCW 7.70.040. The plaintiff has the burden to prove by a preponderance of evidence each essential element of the claim. RCW 7.70.030.

> The following shall be necessary elements of proof that injury resulted from the failure of the health care provider to follow the accepted standard of care:
>
> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;
>
> (2) Such failure was a proximate cause of the injury complained of.

RCW 7.70.040(1), (2).

"It is not always necessary to prove every element of causation by medical testimony. If, from the facts and circumstances and the medical testimony given, a reasonable person can infer that the causal connection exists, the evidence is sufficient." McLaughlin v. Cooke, 112 Wn.2d 829, 837-38, 774 P.2d 1171 (1989). However, expert testimony is generally "'necessary to establish the standard of care . . . and most aspects of causation.'" Young, 112 Wn.2d at 228 (quoting Harris v. Groth, 99 Wn.2d 438, 449, 663 P.2d 113 (1983)). To defeat summary judgment in almost all medical negligence cases, the plaintiff must produce testimony from a competent medical expert. Young, 112 Wn.2d at 228.

The trial court did not error in granting summary judgment in favor of Valley General. Valley General's motion argued that Brownfield lacked medical expert testimony to establish the standard of care and causation. Brownfield's response offered no medical expert's testimony in support of either a violation of the standard of care or causation. Without medical expertise, Brownfield cannot establish either the standard of care or causation.

On appeal, Brownfield ignores his standard of care argument and lack of medical evidence and instead devotes his argument to a claim that he did not plead: that his injury resulted from health care to which he did not consent. While Brownfield is correct that RCW 7.70.030(3) creates a cause of action for injuries resulting from health care to which the patient did not consent, he did not plead that claim in his complaint.

A civil complaint must "apprise the defendant of the nature of the plaintiff's claims and the legal grounds upon which the claims rest." Kirby v. Tacoma, 124 Wn. App. 454, 469-70, 98 P.3d 827 (2004) (citation omitted). "While inexpert pleadings may survive a summary judgment motion, insufficient pleadings cannot." Pac. Nw. Shooting Park Ass'n v. Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006). "A party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along." Dewey v. Tacoma Sch. Dist. No. 10, 95 Wn. App. 18, 26, 974 P.2d 847 (1999).

Brownfield's complaint includes only one claim—that "[t]he injury was due to the failure of [Valley General's] employee/agent to exercise reasonable prudence, which fell

below the applicable standard of care." Accordingly, we decline to address Brownfield's claim that he was injured by treatment to which he did not consent.[2]

We affirm the trial court's order dismissing Brownfield's complaint.

_____

WE CONCUR:

_____       _____

---

[2] We note, however, that even if Brownfield had asserted a cause of action for lack of consent, RCW 7.70.050((1)(d) still required Brownfield to prove, with medical evidence, that the treatment in question proximately caused his injury. Brownfield offers only his personal opinion that his injury was due to the May 6, 2011, treatment.